NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

AARON ALLAN HIPP, *Appellant.*

No. 1 CA-CR 18-0610
FILED 2-28-2019

Appeal from the Superior Court in Yavapai County
No. V1300CR201880025
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Zickerman Law Office, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Vice Chief Judge Peter B. Swann joined.

---

**T H O M P S O N**, Judge:

¶1        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Aaron Allan Hipp's (defendant's) conviction for one count of possession of a deadly weapon while being a prohibited possessor, a class 4 felony.  Defendant's counsel searched the entire record on appeal and found no arguable question of law.  He subsequently filed a brief requesting that this court conduct an *Anders* review of the record for fundamental error.  Defendant had the opportunity to file a supplemental brief *in propria persona*, but he did not do so.

¶2        On the evening of January 7, 2018, Cottonwood police officer Brandon Clark was watching traffic looking for violations.  Officer Clark observed defendant's vehicle make two quick left turns and he believed defendant was trying to avoid interaction with law enforcement.  Officer Clark checked the vehicle's registration and found it had been canceled, so he pulled defendant over.  During the traffic stop, he asked defendant if there were any weapons in the car and defendant replied that there were not. Officer Clark shined his flashlight in the backseat and saw what looked to be a firearm handle.  He opened the car door and confirmed that it was a high-powered semiautomatic assault rifle.  Officer Clark placed defendant under arrest and took him to the police station.  He advised defendant of his Miranda rights both at the scene and at the police department.  Defendant first claimed that the gun was not his.  During an interview with police, defendant changed his story and claimed he had contacted "biker Mike" to get the gun for his girlfriend.  He later claimed his girlfriend was the one who had contacted Mike to get the gun.

¶3        The state charged defendant with one count of possession of a deadly weapon while being a prohibited possessor.  At trial, the parties stipulated that defendant was a convicted felon.  The jury convicted defendant and found that he was released on bond for a prior offense at the time of the current offense.  At a post-trial hearing, defendant waived his

right to a bench trial and admitted to three prior felonies. The trial court sentenced defendant to nine years in prison, with credit for 225 days of presentence incarceration.

**¶4** We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

**¶5** We affirm the conviction and the sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA

3